IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE VON DRASEK and STEVEN VON DRASEK,<br><br>      Plaintiffs,<br><br>v.<br><br>STONEGATE INSURANCE COMPANY, UNIQUE INSURANCE COMPANY, PRODUCERS NATIONAL CORP., and MATT DUTKANYCH, individually,<br><br>      Defendants. | Case No. :<br><br>**Trial by Jury Demanded** |

## **COMPLAINT**

COME NOW the Plaintiffs, LAWRENCE VON DRASEK and STEVEN VON DRASEK, by their attorneys The Case Law Firm, LLC, and for their Complaint against the Defendants state as follows:

### **Introduction**

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. 2000 et seq. (hereinafter "Title VII"), the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 et seq. (hereinafter "IWPCA"), and Illinois common law.

### **Jurisdiction & Venue**

2. Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

### **Factual Allegations**

3. Plaintiff Lawrence Von Drasek ("Larry") is a citizen of the United States and was, at all relevant times, a resident of South Barrington, Cook County, Illinois.

4. Plaintiff Steven Von Drasek ("Steve") is a citizen of the United States and was, at all relevant times, a resident of Chicago, Cook County, Illinois.

5. At all relevant times, Plaintiffs qualified as "employees" subject to the protections of the aforementioned statutes.

6. Defendant Stonegate Insurance Company ("Defendant Stonegate") is an unregistered business entity doing business in Chicago, Cook County, Illinois.

7. Defendant Unique Insurance Company ("Defendant Unique") is an unregistered business entity doing business in Chicago, Cook County, Illinois.

8. Defendant Producer's National Corporation ("Defendant PNC") is an Illinois corporation, registered and doing business in Chicago, Cook County, Illinois.

9. Defendant Matthew Dutkanych is a resident of Chicago, Cook County, Illinois and was at all relevant times the Chief Executive Officer of Defendant Stonegate, President of Defendant Unique, and co-owner of Defendants Stonegate, Unique, and PNC (collectively, "the Corporate Defendants").

10. At all relevant times, Defendants Stonegate and Unique operated as a joint employer and integrated enterprise and were wholly owned and operated by Defendant PNC.

11. At all relevant times, Defendants Stonegate, Unique and PNC qualified as "employers" as defined by the aforementioned statutes.

**Defendants Hire Plaintiffs**

12. On or around January 10, 2011, the Corporate Defendants hired Larry to serve as the President of Defendant Stonegate, an insurance company.

13. At the time that Defendant Dutkanych recruited Larry for hire, Larry had over twenty-eight years of knowledge and experience in the insurance industry, an extensive client base, and relationships with certain key employees who had successfully worked with him at a former insurance company before that company liquidated its business. Defendant Dutkanych told Larry that he was creating Defendant Stonegate specifically to absorb the business that Larry brought from that previous company to the Corporate Defendants.

14. Among the team of qualified personnel that the Corporate Defendants hired from this former insurance company were three members of Larry's immediate family: Plaintiff Steve Von Drasek, Brian Von Drasek ("Brian"), and Christine Von Drasek ("Christine").

15. Plaintiff Steve Von Drasek is Larry's son. Brian Von Drasek is Larry's son. Christine Von Drasek is married to Brian and is Larry's daughter-in-law.

16. The Corporate Defendants hired Brian and Christine to serve as Defendant Stonegate's Marketing Department in or around January of 2011, at the same time that Defendants hired Larry. Brian worked as Defendant Stonegate's Marketing Manager and Christine worked as Defendant Stonegate's Marketing Representative.

17. In or around September of 2012, the Corporate Defendants hired Steve to work as a Claims Adjuster for Defendant Stonegate.

18. All of the Von Draseks, including Plaintiffs, were qualified for their positions and they always met and/or exceeded the Corporate Defendants' performance expectations.

### Christine Von Drasek Becomes Pregnant and the Corporate Defendants Terminate Her and Brian Von Drasek

19. In or around June of 2012, Christine Von Drasek became pregnant with her first child and, starting in or around July of 2012, she began to disclose her pregnancy to her coworkers.

3

20. In or around mid-October 2012, Brian Von Drasek (who was already enrolled in the Corporate Defendants' health insurance plan), submitted an application to have Christine added to his health insurance policy beginning on November 21, 2012 under a family enrollment. Brian indicated that Christine was pregnant on that application by completing a pregnancy endorsement.

21. Less than one month later, on or around November 2, 2012, Defendant Dutkanych terminated Brian and Christine Von Drasek, alleging that he was "making some changes" around the office and that Defendant Stonegate no longer needed a marketing department. Brian and Christine were the only members of the marketing department at that time.

22. Defendant Dutkanych did not consult Larry, Defendant Stonegate's President, before deciding to terminate Brian or Christine or eliminating the marketing department.

23. After the Corporate Defendants terminated Brian and Christine, Defendant Stonegate continued to advertise the existence of a marketing department via the company's website and identified online three men who had assumed their roles.

24. Christine was visibly pregnant at the time of the terminations.

### Brian and Christine Von Drasek Complain of Discrimination and the Corporate Defendants Terminate Larry and Steve Von Drasek

25. On or around December 21, 2012, Brian and Christine Von Drasek, through their attorneys, sent a letter to the Corporate Defendants' counsel formally complaining of pregnancy discrimination, family responsibility discrimination, and parental status discrimination in violation of Title VII among other unlawful conduct.

26. Less than two months after receiving the complaint of discrimination, on or around February 1, 2013, Defendant Dutkanych terminated Plaintiffs.

27. Defendant Dutkanych stated that he had "trust issues" with Larry and had

4

terminated him because he "did not like the way that [Larry] handled Brian and Christine's terminations" even though Larry did not have any involvement in those terminations. Significantly, just two days prior, Defendant Dutkanych had told Larry that he was doing an excellent job in his role as President of Defendant Stonegate.

28. Defendant Dutkanych told Steve that the Corporate Defendants had hired him only because his father was the President of Defendant Stonegate, and since his father was terminated, the company no longer needed Steve. Defendant Dutkanych also claimed that Steve had "no credentials" despite that Steve has a license to sell insurance, was one of only two Claims Adjusters working for the Corporate Defendants with a college degree, and had previous experience in the insurance industry.

29. At the time of their terminations, Larry had accrued 21 days of earned, unused vacation pay and Steve had accrued 7.5 days of earned, unused vacation pay. The Corporate Defendants failed to pay Plaintiffs this earned compensation upon their terminations.

### **Plaintiffs' Exhaustion of Administrative Pre-Requisites**

30. On March 25, 2013, Plaintiffs filed Charges of Discrimination at the Equal Employment Opportunity Commission ("EEOC") against the Corporate Defendants, alleging associational gender and pregnancy discrimination and retaliation in violation of Title VII. Attached as Group Exhibit 1 are copies of those EEOC Charges.

31. On or around March 28, 2013, the EEOC transferred Plaintiffs' Charges to the Illinois Department of Human Rights ("IDHR") for investigation pursuant to the EEOC's work-sharing agreement with the IDHR.

32. On April 28, 2014, the IDHR issued notices of dismissal for the Charges.

33. Subsequently, Plaintiffs requested that the EEOC issue notices of right to sue and

5

Plaintiffs received those notices on May 8, 2014. Attached as Group Exhibit 2 are copies of those notices.

### COUNT I – ASSOCIATIONAL GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST THE CORPORATE DEFENDANTS

34. Plaintiffs incorporate the preceding paragraphs 1-33 as though fully set forth in this Count I.

35. The Corporate Defendants intentionally discriminated against Plaintiffs on the basis of their close relation to and association with Christine Von Drasek, Larry's daughter-in-law and Steve's sister-in-law, who is female and was, at all relevant times, pregnant, in violation of Title VII when it terminated them without any legitimate, non-discriminatory reason after Christine disclosed her pregnancy.

36. The Corporate Defendants engaged in the aforesaid discriminatory acts with malice and with reckless indifference to Plaintiffs' federally protected rights under Title VII.

37. As a direct and proximate result of said acts, Plaintiffs have suffered loss of income and other employment benefits, emotional distress, and future lost income and benefits.

**WHEREFORE**, Plaintiffs respectfully request that the Court award them the following relief:

    A. Enter a finding that Plaintiffs were subjected to associational gender discrimination in violation of the Title VII;

    B. Enter a finding that the Corporate Defendants engaged in the associational gender discrimination with malice and reckless indifference for Plaintiffs' rights under Title VII;

    C. Award Plaintiffs lost wages in the form of back and front pay;

    D. Award Plaintiffs damages for lost employee benefits;

> E. Award Plaintiffs compensatory damages in an amount to be proven at trial;
>
> F. Award Plaintiffs punitive damages in an amount to be proven at trial;
>
> G. Award Plaintiffs their attorneys' fees and costs; and
>
> H. Award Plaintiffs any such further relief the Court may deem just and equitable.

### COUNT II – RETALIATION IN VIOLATION OF TITLE VII AGAINST THE CORPORATE DEFENDANTS

38. Plaintiffs incorporate by reference the preceding paragraphs 1-33 as though fully set forth in this Count II.

39. Brian and Christine Von Drasek, Plaintiff Larry Von Drasek's son and daughter-in-law and Plaintiff Steve Von Drasek's brother and sister-in-law, engaged in protected activity on or around December 21, 2012, when, through their attorneys, they sent a letter to the Corporate Defendants' counsel complaining of pregnancy discrimination, family responsibility discrimination, and parental status discrimination in violation of Title VII.

40. After Brian and Christine Von Drasek complained, the Corporate Defendants subjected Plaintiffs to materially adverse employment actions based on their close familial relationship with Brian and Christine Von Drasek by terminating their employment. Plaintiffs were the intended target of the Corporate Defendants' retaliatory actions.

41. The Corporate Defendants knowingly and willfully engaged in this retaliatory conduct with malice or reckless indifference to Plaintiffs' federally protected rights under Title VII.

42. As a direct and proximate result of said acts, Plaintiffs have suffered loss of income and other employment benefits, emotional distress, and future lost income and benefits.

**WHEREFORE**, Plaintiffs respectfully request that the Court award them the following relief:

7

A. Enter a finding that Plaintiffs were subjected to retaliation in violation of Title VII;

B. Enter a finding that the Corporate Defendants engaged in the retaliation with malice and reckless indifference for Plaintiffs' rights under Title VII;

C. Award Plaintiffs lost wages in the form of back and front pay;

D. Award Plaintiffs damages for lost employee benefits;

E. Award Plaintiffs compensatory damages in an amount to be proven at trial;

F. Award Plaintiffs punitive damages in an amount to be proven at trial;

G. Award Plaintiffs their attorneys' fees and costs; and

H. Award Plaintiffs any such further relief the Court may deem just and equitable.

### COUNT III – VIOLATION OF THE IWPCA
### AGAINST THE CORPORATE DEFENDANTS

43. Plaintiffs incorporate by reference the preceding paragraphs 1-33 as though fully set forth in this Count III.

44. Plaintiffs' unpaid vacation hours constitute "wages" within the meaning of the Illinois Wage Payment and Collection Act.

45. The Corporate Defendants knowingly and willfully failed to pay Plaintiffs the wages owed to them.

46. As a direct and proximate result of the Corporate Defendants' refusal to pay these final wages, Plaintiffs have suffered damages including but not limited to lost wages.

**WHEREFORE**, Plaintiffs respectfully request that the Court award them the following relief:

A. Award Plaintiffs the amounts of their unpaid vacation hours;

B. Award Plaintiffs compensatory and punitive damages in an amount to be proven

at trial;

C. Award Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this action;

D. Award Plaintiffs any such further relief the Court may deem just and equitable.

### COUNT IV – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT DUTKANYCH

47. Plaintiffs incorporate by reference the preceding paragraphs 1-33 as though fully set forth in this Count IV.

48. Plaintiffs had a reasonable expectation of continuing their employment and/or business relationship with the Corporate Defendants.

49. Defendant Dutkanych had knowledge of Plaintiffs' expectation of continued employment and/or business relationship with the Corporate Defendants.

50. Defendant Dutkanych intentionally, willfully and without justification interfered with Plaintiffs' employment and/or business relationship when he terminated them solely for his own benefit and/or to injure Plaintiffs.

51. Defendant Dutkanych exercised this interference in his own personal interest and not in the interest of the Corporate Defendants.

52. Defendant Dutkanych's wrongful interference has proximately caused Plaintiffs to suffer loss of income and other employment benefits, emotional distress, and future lost income and benefits.

**WHEREFORE**, Plaintiffs respectfully request that the Court award them the following relief:

A. Enter a finding that Defendant Dutkanych intentionally interfered with Plaintiffs' prospective economic advantage;

B. Award Plaintiffs damages resulting from Defendant Dutkanych's intentional interference with their prospective economic advantage;

C. Award Plaintiffs punitive damages in an amount to be proven at trial; and

D. Award Plaintiffs any such further relief the Court may deem just and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues herein.

    LAWRENCE VON DRASEK, and
    STEVEN VON DRASEK

    By: /s/ Kate Sedey
    _____
    One of Their Attorneys

Kristin M. Case
Kate Sedey
Kendra L. Kutko
The Case Law Firm, LLC
250 S. Wacker Dr., Ste. 230
Chicago, Illinois 60606
(312) 920-0400 phone
(312) 920-0800 fax
ksedey@thecaselawfirm.com